UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

NATALIE BOONE, ET AL                    CIVIL ACTION NO. 17-cv-1021

VERSUS                                  JUDGE HICKS

PROTECTIVE INSURANCE CO., ET AL         MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

The surviving children of Willie Latson filed a wrongful death suit in state court and alleged Mr. Latson was killed in a car accident that was caused by the negligence of Mario Dumas, who was driving a truck for FedEx Freight, Inc. The petition named as defendants Mr. Dumas, FedEx, and Protective Insurance Company.

The three defendants removed the case based on an assertion of diversity jurisdiction. They alleged that the plaintiffs and the deceased are Texas citizens. The defendants alleged that FedEx is a citizen of Arkansas, Protective is a citizen of Indiana, and Mr. Dumas is a citizen of Louisiana.

The presence of Mr. Dumas as a Louisiana defendant potentially triggered the forum-defendant rule of 28 U.S.C. § 1441(b)(2). That statute provides that a civil action otherwise removable on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The notice of removal did not address this issue. The presence of the forum-defendant is a potential procedural defect in the removal, but it must be raised by a motion

to remand filed within 30 days of removal. 28 U.S.C. § 1447(c); In re Shell Oil Co., 932 F.2d 1518 (5th Cir. 1991).

The 30th day after the notice of removal was filed was a Sunday, and Plaintiff filed his motion the following Monday, which made it timely under Fed. R. Civ. Pro. 6(a)(1)(C). Southwestern Electric Power Co. v. Certain Underwriters at Lloyd's, 2012 WL 5866599 (W.D. La. 2012). The plaintiffs invoked the forum-defendant rule and represented that (1) Mario Dumas is a citizen of Louisiana and (2) he was properly served on July 14, 2017, almost a month prior to removal.

The removing defendants responded with a "Memorandum of No Opposition to Plaintiffs' Motion to Remand." They offered that, at the time of removal, they had a good faith reason to believe that the service on Mr. Dumas was not proper.[1] They state that the service on Dumas was listed as domiciliary, but the address on the sheriff's return (Apartment 1302) did not match the address on Dumas's driver's license (Apartment 1021) or employment records. Defendants state that they have now had the opportunity to confirm with Mr. Dumas that service was proper and that he was residing in the apartment where domiciliary service was made by delivery of the service papers to his wife.

---

[1] "Generally, when an action is removed to federal court before the forum defendant is 'properly joined and served,' the forum defendant rule does not require remand." Kelly v. Dedicated Logistics, LLC, 2017 WL 3880317 (N.D. Miss. 2017). The language makes the rule subject to abuse and manipulation, and courts are not uniform in their approach to how to address such actions. Id.; Williams v. Boyd Racing LLC, 2016 WL 236993 (W.D. La. 2016); Reynolds v. Personal Representative of the Estate of Johnson, 139 F.Supp.3d 838, 841-42 (W.D. Tex. 2015).

Plaintiffs have timely raised a procedural defect in the removal, and Defendants have stated that they offer no opposition to the proposed remand. The undersigned would ordinarily issue a Report and Recommendation with respect to a motion to remand but, because this motion is not contested, it is ordered that the Plaintiffs' **Motion to Remand (Doc. 11)** be **granted** and, subject to a stay described below, this case be **remanded** to the First Judicial District Court, Caddo Parish, Louisiana, where it was pending as Case No. 601,872-A.

Despite the lack of apparent opposition to remand, and out of an abundance of caution, this order is **STAYED** until **October 16, 2017**. Any objection to the district judge must be filed by **October 12, 2017**. If an objection is filed, this order shall remain stayed until the district judge issues a decision on the motion to remand. This order will also be deemed converted to a report and recommendation, and the district judge will conduct a de novo review. If no timely objection is filed, the clerk of court shall remand the action after October 16, 2017.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 2nd day of October, 2017.

Mark L. Hornsby
U.S. Magistrate Judge